**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

SALIMA HAWTHORNE, K.A., *et al.*,

<i>Plaintiffs</i>,

v.

MUNICIPALITY OF NORRISTOWN, *et al.*,

<i>Defendants</i>.

CIVIL ACTION
No. 15-01572

**PAPPERT, J.**                                              **April 29, 2016**

<u><b>MEMORANDUM</b></u>

Subsequent to the Court granting summary judgment in its favor, Defendant Municipality of Norristown ("Norristown") filed a motion for sanctions pursuant to 28 U.S.C. Section 1927. Norristown contends that Plaintiffs' counsel, Gregg L. Zeff ("Counsel" or "Zeff"), in bad faith continued to pursue a case he knew to be meritless. Norristown seeks reimbursement of attorneys' fees and costs incurred to defend the case for several months after Zeff should have voluntarily dismissed the Plaintiffs' complaint or withdrawn from his representation of the Plaintiffs. The Court grants the motion.

<b>I.</b>

This case involved the police pursuit of a stolen car whose occupants were injured when the car crashed. Throughout the litigation, Zeff maintained that Norristown police officers aggressively chased and rammed his clients' car, which led to a "catastrophic collision" and their injuries. Video from a dashboard camera in one of the officer's cars, however, revealed the Plaintiffs' allegations to be false. Based largely on that video, the Court granted Norristown's motion for summary judgment and dismissed the case on February 5, 2016. *See Hawthorne v.*

1

*Municipality of Norristown*, No. 15-01572, 2016 WL 454401 (E.D. Pa. Feb. 5, 2016).  The

Court's Opinion includes a detailed recitation of the facts, which need not be repeated here.

After dismissing the case, the Court issued an order to show cause why sanctions were not

appropriate under Federal Rules of Civil Procedure 11(b)(1)–(3), 28 U.S.C. Section 1927 and/or

the Court's inherent powers.  (ECF No. 44 at 1–3.)  The Court ordered Counsel to respond by

February 22, 2016, and held a hearing on February 24, 2016.  (*Id.*)

      At the hearing, Scott Gottel ("Gottel"), Norristown's attorney, stated that he sent the

police pursuit video to Zeff with Norristown's initial disclosures on April 17, 2015.  (Order to

Show Cause Oral Arg. ("Second Oral Arg.") 39:20–21, ECF No. 52.)  Sometime thereafter,

Zeff's associate told Gottel's office that they did not receive the video.  Gottel resent the video

on May 7, 2015 and Zeff received it the same day.  (*Id.* 40:3–5; *see also* Pls.' Opp. to Order to

Show Cause at 2, 6, ECF No. 47-1)  Represented by counsel at the hearing, Zeff acknowledged

that he watched the video before K.A.'s deposition on July 21, 2015.  (Second Oral Arg. 8:10–

19, 18:20–19:4.)  He admitted that the video contradicts his clients' allegations.  (*Id.* 25:5–6.)  He

also stated that he failed to amend the complaint after viewing the video because he is one who

doesn't "amend my Complaint regularly" and proceeds with the original pleading "whether it's

true or false."  (*Id.* 9:25–10:1, 33:18–22.)  After Zeff deposed Norristown's police officers in

early August and the beginning of September, 2015 it was "crystal clear" to him that "this was a

police department that did everything by the book" and he was "actually shocked by it."  (*Id.*

34:13–15.)

      On February 26, 2016 Norristown filed its motion for sanctions.  (Def.'s Mot. for

Sanctions ("Def.'s Mot."), ECF No. 49-1.)  It asks the Court to award $73,588.89 for costs and

fees incurred from July 21, 2015 through February 24, 2016, in addition to $1,000.00 in fees for

the preparation of its motion for sanctions, for a total of $74,588.89.  (*Id.* at 9.)  Zeff retained

new counsel on March 4, 2016.  (ECF No. 50.)  Counsel requested additional time to respond to

Norristown's motion, which the Court granted.  (ECF No. 51.)  The response filed on March 25,

2016 contends, among other things, that Zeff's conduct did not meet the statutory definition of

"bad faith" under Section 1927.  (Pls.' Opp. to Def.'s Mot. ("Pls.' Opp.") at 20–21, ECF No. 53.)

Norristown replied a week later and the Court scheduled oral argument for April 13, 2016.  (ECF

Nos. 54–55.)  At Zeff's request, the Court rescheduled the hearing to April 19, 2016.  (Motion

for Sanctions Oral Arg. ("Third Oral Arg."), ECF No. 58.)

## II.

Title 28 U.S.C. Section 1927 states that "[a]ny attorney or other person admitted to

conduct cases in any court of the United States . . . who so multiples the proceedings in any case

unreasonably and vexatiously" may be required to "satisfy personally the excess costs, expenses,

and attorneys' fees reasonably incurred because of such conduct."  An attorney violates Section

1927 if he: "'(1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3)

thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional

misconduct.'"  *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 101 (3d Cir. 2008) (quoting *In re*

*Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 188 (3d Cir. 2002)).

The principal purpose of imposing sanctions under Section 1927 is the "'deterrence of

intentional and unnecessary delay in the proceedings.'"  *In re Schaefer Salt Recovery, Inc.*, 542

F.3d at 101 (quoting *Zuk v. E. Pa. Psychiatric Inst. of the Med. Coll.*, 103 F.3d 294, 297 (3d Cir.

1996)).

The Third Circuit Court of Appeals has held that "'sanctions may not be imposed under

§ 1927 absent a finding that counsel's conduct resulted from bad faith, rather than

misunderstanding, bad judgment, or well-intentioned zeal.'" *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 142 (3d Cir. 2009) (quoting *LaSalle Nat'l Bank v. First Conn. Holding Group, L.L.C. XXIII*, 287 F.3d 279, 289 (3d Cir. 2002)). The attorney's conduct "must be of egregious nature, stamped by bad faith that is violative of recognized standards in the conduct of litigation." *Baker Indus., Inc. v. Cerberus, Ltd.*, 764 F.2d 204, 208 (3d Cir. 1985) (citation omitted). Bad faith may be inferred where a party pursues claims that are clearly frivolous. *See In re Prudential*, 278 F.3d at 188 ("Indications of this bad faith are findings that the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment.") (citation omitted); *see also Murphy v. Hous. Auth. and Urban Redevelopment Agency of City of Atl. City*, 51 F. App'x 82, 83 (3d Cir. 2002) ("[B]ad faith may be inferred from the record . . . .").

## III.

Counsel's conduct in continuing to pursue the claims against Norristown after watching the dash cam video on or before July 21, 2015 merits the imposition of sanctions under Section 1927. (Pls.' Opp. at 10) ("In preparation for the depositions of his [Zeff's] clients on July 21, 2015, he viewed the video.") The case, or at a minimum Counsel's participation in it, should have ended very shortly thereafter. Instead, the proceedings were extended by more than six months. Activity in the litigation included: Plaintiffs K.A. and Johnson's depositions on July 21, 2015 and September 1, 2015 respectively, the depositions of various Norristown police officers on August 11, 2015 and September 1, 2015, briefing on Norristown's motion for summary judgment, oral argument on the motion on January 19, 2016 and the Court's considerable time spent preparing for and conducting oral argument and writing its summary judgment opinion. (*Id.* at 11–14.) All of this was, by definition, a multiplication of these proceedings which

4

obviously increased the costs incurred by Norristown as it continued to defend itself and the conduct of its officers. That multiplication was unreasonable and vexatious. Counsel knew or should have known from the instant he watched the video that his clients' claims were frivolous. He instead forged ahead until the Court's dismissal of the case.[1] (*Id.* at 17.)

The Court regrettably concludes that Counsel acted in bad faith in pursuing the case after the dash cam video revealed the falsity of the complaint's central allegations. While the Court may infer bad faith from the record, here no such inference is required; the record speaks for itself. *See Murphy*, 51 F. App'x at 83. Zeff knew or reasonably should have known that his claims had no basis in law or fact after viewing the video. For one thing, Counsel never amended the complaint, specifically paragraph fourteen which states:

> **Ultimately, a Norristown police vehicle struck the back of the vehicle driven by Bailey causing that vehicle to strike another vehicle and roll over in a catastrophic collision.** Plaintiffs Ameer Johnson and K.A. suffered serious injuries including but not limited to head, brain, neck, back, arm, leg and other injuries, resulting in a lengthy hospitalizations, rehabilitation and surgeries, some or all of which may be permanent.

(Pls.' Compl. ¶ 14, ECF No. 1) (emphasis added.)

Perhaps most troubling, Counsel discussed and reviewed the video with his clients, K.A. and Johnson, and then sat silently through their depositions while they testified to a version of the case which was flatly contradicted by the video. (Second Oral Arg. 16:11–13.) Specifically, K.A. testified that although he did not see it, a police car hit their car, which caused it to lose control, hit a "big bump" in the road and crash. *See Hawthorne*, No. 15-01572, 2016 WL

---

[1] Counsel also continued to pursue a settlement throughout this extended timeframe. He participated in a settlement conference before Chief Magistrate Judge Caracappa on October 8, 2015, and following the summary judgment oral argument negotiated with Norristown's insurer a de minimis settlement on or around January 19, 2016. (Pl.'s Opp. at 6, 17.) Gottel was unaware of any settlement offer made on behalf of his client. (Second Oral Arg. 27:8–23.) He stated at oral argument that the insurer only extended the offer "because of the approaching trial and the increasing costs of having to continue with the litigation." (*Id.* 27:15–16.) The offer was made "without [Gottel's] consultation." (*Id.* 27:22–23.) In any event, the Court dismissed the Plaintiffs' complaint before the parties agreed to any settlement. *See Hawthorne*, No. 15-01572, 2016 WL 454401, at *8.

454401, at *2.  Johnson testified that their car hit a "little bump" and police cars hit the car "like three times" after the bump.  *Id.*  Counsel maintained his original theory of the case through every deposition, summary judgment brief, oral argument and settlement negotiation.  None of that should have ever happened.  Upon watching the dash cam video as part of its review of the record in deciding Norristown's summary judgment motion, the Court knew—immediately and without any doubt or question—that the car in which the Plaintiffs were riding crashed because the driver was speeding, not because a police car "rammed" it.

Zeff argues that he had to proceed with the case and could not withdraw because his clients "did not provide . . . authorization [to withdraw] in time for oral argument" and that there was a "lack of guidance from his clients."  (Pls.' Opp. at 13.)  If Counsel's clients were unwilling to withdraw their claims, he had a duty under the Pennsylvania Rules of Professional Conduct to withdraw from their representation.  Rule 1.16(a) states that:

> A lawyer shall . . . withdraw from the representation of a client if: (1) the representation will result in violation of the Rules of Professional Conduct or other law . . . (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement . . . (7) other good cause for withdrawal exists.

The comments to Rule 1.16 state that a lawyer "ordinarily must decline or withdraw" from representation if his clients "demand[] that the lawyer engage in conduct that . . . violates the Rules of Professional Conduct."  Moreover, "[w]ithdrawal is also justified if the client persists in a course of action that the lawyer reasonably believes is . . . fraudulent."  Pa. Rules of Professional Conduct 1.16 cmts. 2, 7.

Rule 3.1 addresses "meritorious claims and contentions" and instructs that "[a] lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous . . . ."  The comments to Rule 3.1 clarify

6

that lawyers are required to "determine that they can make good faith arguments in support of

their clients' positions" and that an action is frivolous if the lawyer is unable "to make a good

faith argument on the merits of the action taken . . . ."  Pa. Rules of Professional Conduct 3.1

cmt. 2.

      Zeff contends that the totality of his conduct does not constitute bad faith, and relies upon

*Maule v. Philadelphia Media Holdings, LLC*, No. 08-3357, 2009 WL 129759 (E.D. Pa. Jan. 16,

2009) and *Barbee v. Se. Pa. Transp. Auth.*, No. 04-4063, 2007 WL 403881 (E.D. Pa. Feb. 1,

2007)—cases in which our Court did not find bad faith under Section 1927.  (Pls.' Opp. at 22–

23.)  Neither decision changes the Court's assessment of Counsel's conduct in this case.  In

*Maule*, the defendant argued that the plaintiffs should be sanctioned for "attempting to hold" the

defendant liable under several legal theories it viewed as improper.  *Maule*, 2009 WL 129759, at

*1.  The court found that while the plaintiffs' claims may not ultimately prevail, there was a

"reasonable basis in law" for the assertions and therefore their conduct could not "be

characterized as unreasonable or vexatious."  *Id.* at *2–3.  Likewise, in *Barbee*, the defendant

argued that because six of the plaintiff's seven claims were dismissed on summary judgment, he

should be sanctioned.  *Barbee*, 2007 WL 403881, at *3.  The court found that while the

plaintiff's claims "may appear frivolous in hindsight, at the outset there appeared to be a genuine

issue in need of jury resolution."  *Id.* at *2.  The fact that "six of his seven claims were dismissed

on summary judgment" is not proof that he "advanced meritless claims."  *Id.* at *3.

      Zeff also argues that courts must "avoid chilling an attorney's legitimate ethical

obligation to represent his client zealously" and that an attorney's "well-intentioned zeal" does

not equate to bad faith.  (Pls.' Opp. at 19.)  The Court agrees with Counsel and the Court's

decision today should in no way be interpreted to hinder zealous advocacy, which is an

indispensable component of our civil justice system.  Zealous advocacy, however, does not mean unbounded advocacy.  Counsel must be mindful of the basic purpose of the adversary system—as a means of promoting the discovery of truth—and of their obligations as officers of the court.  *See Montgomery Ward & Co., Inc. v. Pacific Indem. Co.*, 557 F.2d 51, 58 (3d Cir. 1977) ("[I]t may be expected that the attorneys, as officers of the court, will adhere to the rightful boundaries of zealous advocacy . . . .").

### IV.

The appropriateness of assessing attorneys' fees against counsel under Section 1927 is a matter for the district court's discretion.  *See Ford v. Temple Hosp.*, 790 F.2d 342, 347 (3d Cir. 1986) (citing *Baker*, 764 F.2d at 210).  To properly exercise this discretion, the Court must "balance the equities between the parties and may award attorney's fees whenever overriding considerations indicate the need for such a recovery."  *Id.*  Sanctions levied under Section 1927 must only impose costs and expenses that result from the particular misconduct, *see Martin v. Brown*, 63 F.3d 1252, 1264 (3d Cir. 1995), and are limited to those taxable under 28 U.S.C. Section 1920.  *See In re Prudential*, 278 F.3d at 188; *see also Martin*, 63 F.3d at 1264.

### A.

The starting point for determining reasonable attorneys' fees is the lodestar method.  *See Loftus v. Se. Pa. Transp. Auth.*, 8 F. Supp. 2d 458, 463 (E.D. Pa. 1998) (citing *Matthews v. Freedman*, 128 F.R.D. 194, 207 (E.D. Pa. 1989), *aff'd*, 919 F.2d 135 (3d Cir. 1990)).  The lodestar formula multiplies the reasonable number of hours expended by a reasonable hourly rate.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The prevailing party bears the burden of establishing with satisfactory evidence, in addition to the attorney's own affidavits, that the

8

requested hourly rate meets this standard.  *See Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996).

The Third Circuit has held that "it *is* necessary that the Court 'go line, by line, by line' through the billing records supporting the fee request."  *Evans v. Port. Auth. of N.Y. & N.J.*, 273 F.3d 346, 362 (3d Cir. 2001) (emphasis in original).  The district court considers whether the time charged is reasonable, excluding "'hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission' to his client."  *Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly*, 195 F. App'x 93, 96 (3d Cir. 2006) (quoting *Hensley*, 461 U.S. at 434).  To challenge the fee request, plaintiffs must state their grounds with "sufficient specificity."  *Bell v. United Princeton Props., Inc.*, 884 F.2d 713, 715 (3d Cir. 1989).

Gottel submitted an affidavit to the Court. (Gottel Aff., ECF No. 60.)  He is an attorney with Holsten & Associates, where he has worked since March 2003.  (*Id.* ¶ 2.)  He graduated from the University of Richmond in 1995 and Dickinson School of Law in 1998 and has been admitted to practice in the Commonwealth of Pennsylvania since 1998, the United States District Court for the Eastern District of Pennsylvania since 2003 and the Third Circuit Court of Appeals since 2004.  (*Id.* ¶¶ 3–4.)  Megan Scott ("Scott"), a paralegal with Holsten & Associates, assisted Gottel in the matter.[2]  (*Id.* ¶ 11.)  Scott attended Neumann University and is a certified paralegal. (*Id.*)

Community Legal Services ("CLS") of Philadelphia lists a rate of $435–$505 per hour for attorneys with between 16 and 20 years of experience.  (Def.'s Mot., Ex. G.)  The fee schedule established by CLS "has been approvingly cited by the Third Circuit as being well

---

[2]  Legal work performed by paralegals may be recovered under "reasonable attorneys' fees."  *See, e.g.*, *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 297–98 (1989); *Zavodnick v. Gordon & Weisberg, P.C.*, No. 10-7125, 2012 WL 2036493, at *6–8 (E.D. Pa. June 6, 2012).

developed and has been found by [the Eastern District of Pennsylvania] to be a fair reflection of the prevailing market rates in Philadelphia." *Maldonado v. Houstoun*, 256 F.3d 181, 187 (3d Cir. 2001) (citations and internal quotation marks omitted).  The Court uses the median of this range, $470, as Gottel has practiced for 18 years.  Gottel spent 230.40 billable hours on the matter between July 21, 2015 and February 24, 2016.  (Def.'s Mot., Ex. H at 53.)  The lodestar calculation is therefore 230.40 x $470 = $108,288.00.  Gottel's rate of $155 per hour is unquestionably reasonable given the lodestar rate of $470.

Zeff does not contest the reasonableness of Gottel's fees or the number of hours billed. (Pls.' Opp. at 22) ("[N]o contest is asserted regarding the reasonability of the hourly rates or the amount of time spent on the asserted tasks.")  After a line by line examination of the fees, however, the Court adjusts the following entries which the Court deems excessive, redundant or otherwise unnecessary:

- The analysis and review of Salima Hawthorne's deposition is adjusted downward from 8.1 hours to 4 hours.  *See infra* Appendix A ("App. A") at 20–21.

- The analysis and review of Lieutenant Todd Dillon's deposition is adjusted downward from 4.4 hours to 2.2 hours.  *See infra* App. A at 20–21.

- The time entry with the narrative "Reviewed the complaint to find where the plaintiff fell to see if there is a common walkway easement" is eliminated as it appears to pertain to another matter.  *See infra* App. A at 24.

- The time spent drafting and preparing Norristown's motion for summary judgment is adjusted downward from 27.7 hours to 18 hours.  *See infra* App. A at 22–27.

- Several time entries are for costs properly taxable under 28 U.S.C. Section 1920 and are therefore addressed in the Court's costs analysis *infra* Part IV.B.  *See infra* App. A at 13, 18, 32, 34.

- Several time entries are for costs not recoverable under 28 U.S.C. Section 1920 and are therefore eliminated.  *See infra* App. A at 14, 22, 25, 33.

Multiplying Gottel's $155 per hour rate by the hours reasonably expended after the above downward adjustments yields a total of $29,166.00 in attorneys' fees. *See infra* App. A at 34. The Court exercises its discretion and declines to award Norristown the estimated $1,000.00 incurred in drafting its motion for sanctions.

**B.**

Any costs awarded pursuant to 28 U.S.C. Section 1927 must be taxable under Section 1920, which lists six categories of such costs:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; and (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Norristown included in its motion a listing of the expenditures it incurred in defending this matter from July 21, 2015 through February 24, 2016. The Court conducted a line by line review and finds those costs taxable under Section 1920, listed *infra* Appendix B ("App. B"), total $4,351.99.

The Court, under its inherent powers, may also award those costs not compensable under Section 1920, since Counsel acted in bad faith. *See In re Prudential*, 278 F.3d at 189 (stating that courts may impose sanctions pursuant to their inherent authority "'where a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons'") (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991)). Norristown also seeks reimbursement of $35,522.49 in costs incurred after July 21, 2015 for services and retention of its non-court appointed experts. (Def.'s Mot. at 3–4.) Zeff opposes those costs and argues that there is no "verification as to the necessity, reasonability or requirement of those services." (Pls.' Opp. at 21–24.) The Court, while

11

understanding that Norristown did what if felt necessary and appropriate to defend the case, nonetheless declines to award these additional costs and finds sufficient those costs which are compensable under Section 1920.

**C.**

The Court awards Norristown $29,166.00 in attorneys' fees and $4,351.99 in costs, for a total of $33,517.99.  The Court takes no pleasure in issuing this Opinion or entering this award, but is confident that both reflect Section 1927's purposes and objectives.  An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

**Appendix A.  Fees.**

| Initials | Date | Narrative[3] | Hours Claimed | Hours Revised[4] | Rate | Subtotal |
|---|---|---|---|---|---|---|
| SCG | 7/21/2015 | Additional preparation for depositions, analyze evidence and issues of juvenile criminal records | 0.5 | | 155 | $77.50 |
| SCG | 7/21/2015 | Attend and represent insured at deposition of Salima Hawthorne | 3.5 | | 155 | $542.50 |
| SCG | 7/21/2015 | Attend and represent insured at deposition of Kalee Adger | 1.5 | | 155 | $232.50 |
| SCG | 7/21/2015 | Attend and represent insured at deposition of Nikeen Flagg | 1.0 | | 155 | $155.00 |
| SCG | 7/21/2015 | Attend and represent insured at deposition of Tasheen Overton (no show) | 0.3 | | 155 | $46.50 |
| SCG | 7/22/2015 | Begin preparation of correspondence to claim rep, discuss and analyze testimony of Salima Hawthorne, strategy and status | 1.4 | | 155 | $217.00 |
| SCG | 7/23/2015 | Review case law regarding standards for police pursuit cases | 0.3 | | 155 | $46.50 |
| SCG | 7/23/2015 | Complete correspondence to claim rep, discuss and analyze testimony of Kalee Adger and strategy | 1.2 | | 155 | $186.00 |
| SCG | 7/24/2015 | Receive and analyze correspondence from plaintiff, discuss and analyze notice of deposition for chief of police | 0.1 | | 155 | $15.50 |
| SCG | 7/24/2015 | Receive and analyze correspondence from claim rep, discuss and analyze testimony and strategy for case | 0.2 | | 155 | $31.00 |
| SCG | 7/24/2015 | Prepare correspondence to claim rep, [redacted] | 0.4 | | 155 | $62.00 |
| WFH | 7/23/2015 | Service of Subpoena – Fred Contino / Service of Subpoena to N. Fagg – Norristown / Service of Subpoena to T. Overton – Norristown | 1 | 0 | 300 | $0.00 |

---

[3]  The "Narrative" column is a transcription of Holsten and Associates' time entry descriptions.  (Def.'s Mot., Ex. H at 11–53.)

[4]  This column lists the Court's downward revisions, if any, to the hours claimed.

| MS | 7/27/2015 | Drafted Subpoenas to The Powell Center for records of Plaintiff | 0.2 | | 100 | $20.00 |
|---|---|---|---|---|---|---|
| MS | 7/27/2015 | Prepared/issued 4 record subpoenas on Ameer Johnson | 0.3 | | 100 | $30.00 |
| SCG | 7/28/2015 | Telephone call with claim rep, discuss and analyze [redacted] | 0.2 | | 155 | $31.00 |
| SCG | 7/28/2015 | Receive and analyze Plaintiff's rule 30 b deposition request | 0.3 | | 155 | $46.50 |
| SCG | 7/28/2015 | Prepare for meeting with Chief of Police for deposition preparation, analyze evidence and potential topics | 0.3 | | 155 | $46.50 |
| SCG | 7/28/2015 | Attend meeting with Chief of Police for deposition preparation, analyze evidence and potential topics | 2.3 | | 155 | $356.50 |
| SCG | 7/29/2015 | Prepare correspondence to plaintiff, discuss and analyze rule 30b6 notice for testimony | 0.2 | | 155 | $31.00 |
| SCG | 7/29/2015 | Receive and analyze correspondence from plaintiff, discuss and analyze notices of depositions for officers | 0.2 | | 155 | $31.00 |
| SCG | 7/30/2015 | Receive and analyze correspondence from attorney, discuss and analyze rule 30b notice of testimony and request for Chief | 0.2 | | 155 | $31.00 |
| SCG | 7/31/2015 | Analyze CVs of various experts in Ortho and Neuropysch and select potential experts for conducting IMEs of plaintiffs | 0.5 | | 155 | $77.50 |
| MS | 7/29/2015 | Drafted Subpoenas to St. Christopher's Hospital for records of Plaintiff | 0.2 | | 100 | $20.00 |
| MS | 7/29/2015 | Prepared / issued 8 subpoenas for Ameer Johnson | 0.7 | | 100 | $70.00 |
| WFH | 7/28/2015 | Local Travel at .575/mile – travel to / from Norristown P.D. for preparation of Police Chief for Deposition | 44 | 0 | 0.575 | $0.00 |
| WFH | 7/29/2015 | Local Travel at .575/mile – travel to / from Phila for hearing with Judge at Federal Courthouse | 42 | 0 | 0.575 | $0.00 |
| WFH | 7/29/2015 | Parking – Phila | 1 | 0 | 16.00 | $0.00 |

| MS | 7/27/2015 | Drafted Subpoenas to Eisenhower School for records of Plaintiff | 0.2 | | 100 | $20.00 |
|---|---|---|---|---|---|---|
| MS | 7/27/2015 | Drafted Subpoenas to Dr. Gupta, Community Health and Development for records of Plaintiff | 0.2 | | 100 | $20.00 |
| MS | 7/27/2015 | Drafted Subpoenas to Norristown Area School District for records of Plaintiff | 0.2 | | 100 | $20.00 |
| MS | 7/27/2015 | Drafted Subpoenas to Dr. Gupta, Community Health and Development for records of Ameer Johnson | 0.2 | | 100 | $20.00 |
| MS | 7/27/2015 | Drafted Subpoenas to Central Montgomery MH/MR Center for records of Plaintiff | 0.2 | | 100 | $20.00 |
| MS | 8/4/2015 | Drafted Subpoenas to Social Security Administration for records of Plaintiff | 0.2 | | 100 | $20.00 |
| MS | 7/29/2015 | Drafted Subpoenas to Dr. Michael Kwon for records of Plaintiff | 0.2 | | 100 | $20.00 |
| MS | 7/29/2015 | Drafted Subpoenas to Dr. Herman for records of Plaintiff | 0.2 | | 100 | $20.00 |
| MS | 7/29/2015 | Drafted Subpoenas to Progress Therapy for records of Plaintiff | 0.2 | | 100 | $20.00 |
| MS | 7/29/2015 | Drafted Subpoenas to MST Therapy Center for records of Plaintiff | 0.2 | | 100 | $20.00 |
| MS | 7/29/2015 | Drafted Subpoenas to Central Montgomery for records of Plaintiff | 0.2 | | 100 | $20.00 |
| MS | 7/29/2015 | Drafted Subpoenas to University of Pennsylvania for records of Plaintiff | 0.2 | | 100 | $20.00 |
| MS | 7/29/2015 | Drafted Subpoenas to Moss Rehabilitation Center for records of Plaintiff | 0.2 | | 100 | $20.00 |
| MS | 7/29/2015 | Drafted Subpoenas to Einstein Moss Rehab for records of Plaintiff | 0.2 | | 100 | $20.00 |
| MS | 7/29/2015 | Drafted Subpoenas to Concussion Clinic for records of Plaintiff | 0.2 | | 100 | $20.00 |
| MS | 7/29/2015 | Drafted Subpoenas to Central Montgomery Psychiatry for records of Plaintiff | 0.2 | | 100 | $20.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| MS | 7/29/2015 | Drafted Subpoenas to Dr. Glass for records of Plaintiff | 0.2 | | 100 | $20.00 |
| SCG | 8/4/2015 | Prepare correspondence to plaintiff attorney, discuss and analyze Ameer Johnson deposition notice | 0.2 | | 155 | $31.00 |
| SCG | 8/4/2015 | Prepare correspondence to Bailey, discuss and analyze deposition notice | 0.2 | | 155 | $31.00 |
| SCG | 8/4/2015 | Receive and analyze correspondence from plaintiff, discuss and analyze Ameer unavailable to testify, potential medical issues precluding testimony | 0.1 | | 155 | $15.50 |
| SCG | 8/4/2015 | Prepare email to plaintiff, discuss and analyze need for medical note regarding inability to testify and need for conference with court to discuss same | 0.3 | | 155 | $46.50 |
| SCG | 8/5/2015 | Telephone call with vocational expert Ford, [redacted] | 0.5 | | 155 | $77.50 |
| SCG | 8/5/2015 | Receive and analyze correspondence from attorney, discuss and analyze rule 30(6)(b) notice of deposition and testimony of chief | 0.1 | | 155 | $15.50 |
| SCG | 8/5/2015 | Prepare correspondence to clients, [redacted] | 0.5 | | 155 | $77.50 |
| SCG | 8/5/2015 | Receive and analyze email from attorney, discuss and analyze issue of testimony of Bailey and Ameer Johnson and conference with court | 0.5 | | 155 | $77.50 |
| MS | 8/4/2015 | Drafted a letter to Plaintiff's attorney regarding a subpoena for medical records | 0.3 | | 100 | $30.00 |
| MS | 8/7/2015 | Receive and analyze correspondence from plaintiff, discuss and analyze conference with judge | 0.1 | | 155 | $15.50 |
| SCG | 8/7/2015 | Telephone call to judge's clerk, discuss and analyze conference with judge | 0.1 | | 155 | $15.50 |
| SCG | 8/7/2015 | Prepare correspondence to Judge, discuss and analyze conference and issues | 0.2 | | 155 | $31.00 |

| SCG | 8/10/2015 | Receive and analyze court order for conference with judge | 0.1 | | 155 | $15.50 |
|---|---|---|---|---|---|---|
| SCG | 8/10/2015 | Telephone call from attorney, discuss and analyze testimony of officer witnesses | 0.2 | | 155 | $31.00 |
| SCG | 8/11/2015 | Additional preparation for depositions of clients analyze evidence and issues | 0.7 | | 155 | $108.50 |
| SCG | 8/11/2015 | Attend deposition of Lt. Dillon | 1.5 | | 155 | $232.50 |
| SCG | 8/11/2015 | Attend deposition of Chief Talbot | 0.8 | | 155 | $124.00 |
| SCG | 8/11/2015 | Attend deposition of Corporal Brooke | 2.0 | | 155 | $310.00 |
| SCG | 8/11/2015 | Attend deposition of Corporal Benson | 2.0 | | 155 | $310.00 |
| SCG | 8/11/2015 | Receive and analyze correspondence from Dillon; [redacted] | 0.5 | | 155 | $77.50 |
| SCG | 8/11/2015 | Conference call with Judge, discuss and analyze testimony of Ameer Johnson and issues | 0.3 | | 155 | $46.50 |
| SCG | 8/11/2015 | Receive and analyze correspondence from Talbot, [redacted] | 0.2 | | 155 | $31.00 |
| SCG | 8/12/2015 | Attend deposition of Bailey, no show | 0.4 | | 155 | $62.00 |
| SCG | 8/12/2015 | Prepare correspondence to claim rep, [redacted] | 1.2 | | 155 | $186.00 |
| SCG | 8/13/2015 | Prepare correspondence to expert Stine, [redacted] | 0.3 | | 155 | $46.50 |
| MS | 8/11/2015 | Prepared the necessary documents for the IME of Dr. Ford | 2.1 | | 100 | $210.00 |
| MS | 8/12/2015 | Prepared documents for the upcoming IME of Dr. Mack | 2.1 | | 100 | $210.00 |
| MS | 8/13/2015 | Continued to prepare information for the upcoming IMEs | 3.1 | | 100 | $310.00 |
| SCG | 8/13/2015 | Review and analyze IME notices prepared by paralegal [redacted] | 0.3 | | 155 | $46.50 |
| SCG | 8/13/2015 | Prepare motion to compel deposition of Bailey and request for sanctions for failure to appear | 1.1 | | 155 | $170.50 |
| SCG | 8/13/2015 | Prepare correspondence to IME vocational expert, [redacted] | 0.4 | | 155 | $62.00 |

| SCG | 8/18/2015 | Receive and analyze correspondence from Center City Legal Reproductions - , discuss and analyze need for authorizations of records for plaintiffs | 0.2 | | 155 | $31.00 |
|---|---|---|---|---|---|---|
| SCG | 8/18/2015 | Prepare correspondence to plaintiff attorney, discuss and analyze need for authorizations of records for plaintiffs | 0.2 | | 155 | $31.00 |
| SCG | 8/19/2015 | Conference with expert Ford, [redacted] | 0.4 | | 155 | $62.00 |
| SCG | 8/19/2015 | Receive and analyze correspondence from attorney, discuss and analyze additional records requests and information on Lt. Shannon | 0.3 | | 155 | $46.50 |
| SCG | 8/19/2015 | Prepare correspondence to client, [redacted] | 0.4 | | 155 | $62.00 |
| WFH | 8/19/2015 | Deposition transcript – Diamond Court Reporting / Depositions of Daquan Bailey – no show / invoice | 1 | 0 | 100 | $0.00 |
| SCG | 8/20/2015 | Telephone call with Lt. Shannon, [redacted] | 0.4 | | 155 | $62.00 |
| SCG | 8/20/2015 | Prepare correspondence to client, [redacted] | 0.4 | | 155 | $62.00 |
| SCG | 8/20/2015 | Receive and analyze email from Lt Dillon, [redacted] | 0.3 | | 155 | $46.50 |
| SCG | 8/21/2015 | Receive and analyze correspondence from Dillon, [redacted] | 2.8 | | 155 | $434.00 |
| SCG | 8/25/2015 | Receive and analyze plaintiff's notice of deposition for testimony of Officer Robinson | 0.2 | | 155 | $31.00 |
| SCG | 8/24/2015 | Prepare correspondence to plaintiff, discuss and analyze additional documents responsive to requests for incident reports for police pursuits | 0.4 | | 155 | $62.00 |
| MS | 8/24/2015 | Prepared the necessary documents to send out to the doctor regarding an upcoming IME | 1.1 | | 100 | $110.00 |
| MS | 8/25/2015 | Prepared the necessary transportation for the Plaintiff's to go to the IMEs | 0.6 | | 100 | $60.00 |

| SCG | 8/25/2015 | Complete preparation of correspondence to plaintiff, discuss and analyze information on contact with Lt. Shannon | 0.2 | | 155 | $31.00 |
|---|---|---|---|---|---|---|
| SCG | 8/25/2015 | Prepare correspondence to Dr. Yucha, [redacted] | 0.5 | | 155 | $77.50 |
| SCG | 8/25/2015 | Prepare correspondence to Dr. Mack, [redacted] | 0.6 | | 155 | $93.00 |
| SCG | 8/25/2015 | Prepare correspondence to plaintiff, discuss and analyze IME notices and status of case, testimony of Johnson | 0.3 | | 155 | $46.50 |
| SCG | 8/27/2015 | Receive and analyze correspondence from plaintiff, discuss and analyze releases for medical records requested | 0.2 | | 155 | $31.00 |
| SCG | 8/28/2015 | Telephone call from claim rep, [redacted] | 0.1 | | 155 | $15.50 |
| SCG | 8/28/2015 | Prepare for correspondence to attorney, discuss and analyze testimony of Ameer | 0.2 | | 155 | $31.00 |
| SCG | 9/1/2015 | Prepare for deposition of Ameer Johnson, analyze evidence and questions | 0.8 | | 155 | $124.00 |
| SCG | 9/1/2015 | Meeting with Officer Robinson [redacted] | 0.5 | | 155 | $77.50 |
| SCG | 9/1/2015 | Attend deposition of Officer Robinson | 0.8 | | 155 | $124.00 |
| SCG | 9/1/2015 | Attend deposition of Ameer Johnson | 1.7 | | 155 | $263.50 |
| SCG | 9/2/2015 | Prepare correspondence to claim rep, [redacted] | 0.6 | | 155 | $93.00 |
| SCG | 9/2/2015 | Prepare correspondence to expert Stine [redacted] | 0.2 | | 155 | $31.00 |
| MS | 9/2/2015 | Analyze and Review the deposition of Nikeen Flagg in preparation of a summary | 1.9 | | 100 | $190.00 |
| MS | 9/3/2015 | Analyze and Review the deposition of Salima Hawthorne in preparation of page & line | 3.1 | | 100 | $310.00 |
| SCG | 9/3/2015 | Prepare correspondence to Neuropsych, [redacted] | 0.3 | | 155 | $46.50 |
| SCG | 9/3/2015 | Prepare correspondence to Vocational Expert for Ameer [redacted] | 0.2 | | 155 | $31.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| SCG | 9/8/2015 | Telehpone call from expert Mack, [redacted] | 0.3 | | 155 | $46.50 |
| SCG | 9/9/2015 | Receive and analyze records of Progress PT for Kalee Adger | 0.4 | | 155 | $62.0 |
| SCG | 9/9/2015 | Receive and analyze correspondence from Dr. Mack, [redacted] | 0.3 | | 155 | $46.50 |
| SCG | 9/9/2015 | Receive and analyze Norristown School District records for Ameer Johnson | 0.8 | | 155 | $124.00 |
| SCG | 9/9/2015 | Prepare correspondence to IME doctor Yucha, [redacted] | 0.3 | | 155 | $46.50 |
| MS | 9/8/2015 | Analyzed the deposition of Kalee Adger in preparation of a deposition summary | 2.1 | | 100 | $210.00 |
| MS | 9/9/2015 | Drafted a revised Notice of an IME for Ameer Johnson | 0.3 | | 100 | $30.00 |
| MS | 9/9/2015 | Analyzed / Reviewed the deposition of Kalee Adger in preparation of a deposition summary | 1.1 | | 100 | $110.00 |
| MS | 9/10/2015 | Analyzed / Reviewed the deposition of Salima Hawthorne in preparation of a deposition summary | 3.1 | 1.0 | 100 | $100.00 |
| MS | 9/11/2015 | Analyzed / Reviewed Deposition of Lt. Todd Dillon in preparation of a deposition summary | 1.1 | 1.0 | 100 | $100.00 |
| SCG | 9/11/2015 | Conference with counsel for plaintiff regarding status of case | 0.2 | | 155 | $31.00 |
| SCG | 9/11/2015 | Prepare correspondence to expert Stine, [redacted] | 0.4 | | 155 | $62.00 |
| SCG | 9/17/2015 | Receive and analyze correspondence from Lt. Dillon, [redacted] | 0.3 | | 155 | $46.50 |
| SCG | 9/16/2015 | Receive and analyze correspondence from Lt. Dillon, [redacted] | 0.4 | | 155 | $62.00 |
| SCG | 9/16/2015 | Receive and analyze correspondence from Lt. Dillon, [redacted] | 1.2 | | 155 | $186.00 |
| SCG | 9/16/2015 | Prepare correspondence to plaintiff, discuss and analyze prior pursuit policies | 0.2 | | 155 | $31.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| SCG | 9/17/2015 | Receive and analyze correspondence from attorney, discuss and analyze release for psychologist treatment records | 0.1 | | 155 | $15.50 |
| SCG | 9/17/2015 | Prepare correspondence to Center City Legal Reproductions - , discuss and analyze release for psychologist treatment records | 0.2 | | 155 | $31.00 |
| SCG | 9/18/2015 | Telephone call from expert Dr. Mack, [redacted] | 0.4 | | 155 | $62.00 |
| SCG | 9/21/2015 | Receive and analyze correspondence from plaintiff, discuss and analyze authorization for Disability Care Management records | 0.1 | | 155 | $15.50 |
| SCG | 9/21/2015 | Prepare correspondence to Center City Legal Reproductions, discuss and analyze authorization for Disability Care Management records | 0.1 | | 155 | $15.50 |
| SCG | 9/22/2015 | Telephone call from Center City Legal Reproductions, discuss and analyze authorization | 0.1 | | 155 | $15.50 |
| MS | 9/21/2015 | Analyze / Reviewed the deposition of Salima Hawthorne in preparation of a deposition summary | 1.1 | 1.0 | 100 | $100.00 |
| MS | 9/22/2015 | Analyze / Reviewed the deposition of Salima Hawthorne in preparation of a deposition testimony | 3.9 | 2.0 | 100 | $200.00 |
| SCG | 9/22/2015 | Receive and analyze email from plaintiff, discuss and analyze request for conference call | 0.1 | | 155 | $15.50 |
| SCG | 9/22/2015 | Telephone call from plaintiff, discuss and analyze status of case, discovery, potential demand and potential request to judge for submission of liability issues to judge | 0.5 | | 155 | $77.50 |
| MS | 9/23/2015 | Analyzed / Reviewed the deposition of Lieutenant Todd Dillon in preparation of a deposition summary | 3.3 | 1.2 | 100 | $120.00 |

| MS | 9/23/2015 | Analyzed / Reviewed the deposition of Lieutenant Chief Mark Tallbottom in preparation of a deposition summary | 0.9 | | 100 | $90.00 |
|---|---|---|---|---|---|---|
| SCG | 9/25/2015 | Receive and analyze correspondence from Lt. Dilon: [redacted] | 0.2 | | 155 | $31.00 |
| MS | 9/24/2015 | Analyzed / Reviewed the deposition of Corporal Joseph Benson in preparation of a deposition summary | 3.7 | | 100 | $370.00 |
| MS | 9/25/2015 | Analyzed / reviewed the deposition of Corporal David Brookes in preparation for a deposition summary | 3.1 | | 100 | $310.00 |
| SCG | 9/21/2015 | Expert Witness Fee – Premier Orthopedics / IME / Kalee Adger | 1 | 0 | 250 | $0.00 |
| SCG | 9/28/2015 | Receive and analyze correspondence from Center City Legal Reproductions - , discuss and analyze needed authorization for records | 0.1 | | 155 | $15.50 |
| SCG | 9/28/2015 | Begin preparation of statement of material facts for motion for summary judgment | 1.0 | 1 | 155 | $155.00 |
| SCG | 9/30/2015 | Receive and analyze testimony digests of witnesses and review for evidence to present for Motion for Summary Judgment Statement of Material facts | 1.0 | | 155 | $155.00 |
| SCG | 9/30/2015 | Continue preparation of Motion for Summary Judgment Statement of Material facts | 0.9 | 0 | 155 | $0.00 |
| SCG | 10/1/2015 | Continue preparation of Statement of Material Facts for Motion for Summary Judgment | 1.8 | 1 | 155 | $155.00 |
| SCG | 10/2/2015 | Complete draft of statement of material facts for Motion for Summary Judgment | 1.6 | 1 | 155 | $155.00 |
| SCG | 10/2/2015 | Begin preparation of memo of law for motion for summary judgment | 1.9 | 1 | 155 | $155.00 |
| SCG | 10/5/2015 | Telephone call from Dr. Mack, [redacted] | 0.3 | | 155 | $46.50 |
| SCG | 10/5/2015 | Receive and analyze correspondence from DPW, discuss and analyze lien | 0.2 | | 155 | $31.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| SCG | 10/5/2015 | Prepare correspondence to claim rep [redacted] | 0.2 | | 155 | $31.00 |
| SCG | 10/5/2015 | Continue preparation of Motion for Summary Judgment and memo of law | 2.2 | 1 | 155 | $155.00 |
| SCG | 10/6/2015 | Telephone call to court reporter, discuss and analyze testimony transcripts | 0.1 | | 155 | $15.50 |
| SCG | 10/6/2015 | Receive and analyze records from Central Montgomery MR MH facility and conduct preliminary review | 0.3 | | 155 | $46.50 |
| SCG | 10/6/2015 | Prepare correspondence to Dr. Mack, [redacted] | 0.4 | | 155 | $62.00 |
| SCG | 10/6/2015 | Telephone call from claim rep, [redacted] | 0.2 | | 155 | $31.00 |
| SCG | 10/6/2015 | Continue preparation of argument for memo of law for Motion for Summary Judgment | 3.2 | 2 | 155 | $310.00 |
| MS | 10/6/2015 | Analyzed medical records from Central Montgomery MH / MR of Ameer Johnson in preparation of a medical record summary | 3.3 | | 100 | $330.00 |
| SCG | 10/7/2015 | Prepare correspondence to expert Stine, [redacted] | 0.4 | | 155 | $62.00 |
| SCG | 10/7/2015 | Receive and analyze correspondence from expert Stine, [redacted] | 0.1 | | 155 | $15.50 |
| SCG | 10/7/2015 | Prepare correspondence to claim rep, [redacted] | 0.4 | | 155 | $62.00 |
| SCG | 10/7/2015 | Prepare correspondence to vocational expert, [redacted] | 0.3 | | 155 | $46.50 |
| SCG | 10/7/2015 | Prepare correspondence to plaintiff, discuss and analyze expert ortho report on Adger | 0.2 | | 155 | $31.00 |
| SCG | 10/7/2015 | Continue preparation of memo of law argument for Motion for Summary Judgment | 4.2 | | 155 | $651.00 |
| SCG | 10/8/2015 | Receive and analyze correspondence from court reporter, discuss and analyze transcripts from testimony of Ameer Johnson and Officer Robinson | 0.2 | | 155 | $31.00 |

| SCG | 10/8/2015 | Continue preparation of memo of law for Motion for Summary Judgment | 4.6 | 3 | 155 | $465.00 |
|---|---|---|---|---|---|---|
| SCG | 10/8/2015 | Telephone call from Ian at Judge Caracappa's chambers, discuss and analyze settlement conference | 0.2 | | 155 | $31.00 |
| SCG | 10/8/2015 | Prepare correspondence to Stine, expert, [redacted] | 0.2 | | 155 | $31.00 |
| SCG | 10/8/2015 | Receive and analyze correspondence from expert Ford, [redacted] | 0.2 | | 155 | $31.00 |
| MS | 10/13/2015 | Analyzed / reviewed the deposition of Sargent Carl Robinson in preparation of deposition summary | 3.1 | | 100 | $310.00 |
| MS | 10/13/2015 | Reviewed the complaint to find where the plaintiff fell to see if there is a common walkway easement | 0.6 | 0 | 100 | $0.00 |
| MS | 10/13/2015 | Analyzed / reviewed deposition of Ameer Johnson in preparation of a deposition summary | 0.9 | | 100 | $90.00 |
| MS | 10/14/2015 | Analyzed / reviewed deposition of Ameer Johnson in preparation of a deposition summary | 2.9 | | 100 | $290.00 |
| SCG | 10/14/2015 | Prepare correspondence to Dr. Mack, [redacted] | 0.1 | | 155 | $15.50 |
| SCG | 10/14/2015 | Prepare correspondence to vocational expert Ford, [redacted] | 0.2 | | 155 | $31.00 |
| MS | 10/16/2015 | Analyzed / reviewed pages 1 through 200 of medical records from University of Penn Hospital of the Plaintiff in preparation of a medical record summary | 3.1 | | 100 | $310.00 |
| SCG | 10/16/2015 | Review digest of testimony of Ameer Johnson and Officer Robinson for Motion for Summary Judgment, select portions required for statement of material facts | 0.7 | | 155 | $108.50 |
| SCG | 10/16/2015 | Continue preparation of Motion for Summary Judgment | 3.1 | 2 | 155 | $310.00 |
| SCG | 10/16/2015 | Receive and analyze additional records from Moss Rehab for Ameer | 0.2 | | 155 | $31.00 |
| SCG | 10/16/2015 | Prepare correspondence to experts, [redacted] | 0.2 | | 155 | $31.00 |

| SCG | 10/16/2015 | Pay to: Zeff Law Firm / Reimbursement for transportation of Ameer to evaluation (to & from) | 1 | 0 | 118.54 | $0.00 |
|---|---|---|---|---|---|---|
| SCG | 10/16/2015 | Reproduction Services from – Center City Legal Reproductions – Medical Records from Progress Physical therapy for Kalee Adger. Medical records from Concussion Clinic, Univ of PA (Radiology), Jefferson Univ Hosp for Ameer Johnson.  Student records from Norristown SD for Ameer Johnson.  Student records from Eisenhower School, Powell Center Records for Kalee Adger.  invoice 462408 | 1 | | 494.96 | $0.00 |
| MS | 10/19/2015 | Continued to Analyze / review medical records from University of Pennsylvania of Plaintiff in preparation of a medical record summary | 2.1 | | 100 | $210.00 |
| SCG | 10/19/2015 | Receive and analyze correspondence from expert Stine, [redacted] | 0.7 | | 155 | $108.50 |
| SCG | 10/19/2015 | Prepare correspondence to expert Stine, [redacted] | 0.3 | | 155 | $46.50 |
| SCG | 10/19/2015 | Receive and analyze final expert report from Stine | 0.4 | | 155 | $62.00 |
| SCG | 10/19/2015 | Prepare correspondence to claim rep, [redacted] | 0.3 | | 155 | $46.50 |
| SCG | 10/19/2015 | Prepare correspondence to attorney, discuss and analyze expert report from Stine | 0.1 | | 155 | $15.50 |
| SCG | 10/19/2015 | Continue preparation of Motion for Summary Judgment and memo of law | 0.7 | 0 | 155 | $0.00 |
| MS | 10/20/015 | Analyze / reviewed volume 2, 590 pages of medical records from University of Pen hospital of Ameer Johnson in preparation of medical record summary | 2.1 | | 100 | $210.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| MS | 10/20/2015 | Analyze / reviewed medical records from Moss Rehab – Drucker Brain Injury Center of Ameer Johnson in preparation of medical record summary | 1.1 | | 100 | $110.00 |
| MS | 10/20/2015 | Analyze / reviewed medical records from Moss Rehab Center for Ameer Johnson in preparation of medical record summary | 2.1 | | 100 | $210.00 |
| SCG | 10/20/2015 | Continue preparation of Motion for Summary Judgment, selection and insertion of exhibit references | 2.0 | 1 | 155 | $155.00 |
| MS | 10/21/2015 | Continued to Analyze / reviewed medical record from Moss Rehab Center – Volume 1 of 2 of Ameer Johnson in preparation of a medical record summary | 3.3 | | 100 | $330.00 |
| SCG | 10/21/2015 | Receive and analyze correspondence from attorney, discuss and analyze subpoena on Bailey probation officer seeking location | 0.3 | | 155 | $46.50 |
| SCG | 10/21/2015 | Receive and analyze correspondence from expert Ford, [redacted] | 0.5 | | 155 | $77.50 |
| SCG | 10/21/2015 | Prepare correspondence to expert Ford, [redacted] | 0.2 | | 155 | $31.00 |
| SCG | 10/26/2015 | Receive and analyze final report from Expert Ford | 0.4 | | 155 | $62.00 |
| SCG | 10/26/2015 | Prepare correspondence to attorney, discuss and analyze expert report of Ford | 0.2 | | 155 | $31.00 |
| SCG | 10/26/2015 | Prepare correspondence to claim rep, [redacted] | 0.4 | | 155 | $62.00 |
| SCG | 10/26/2015 | Receive and analyze correspondence from court, discuss and analyze order against Bailey | 0.1 | | 155 | $15.50 |
| SCG | 10/26/2015 | Prepare correspondence to Bailey, discuss and analyze court order and deposition and discovery | 0.3 | | 155 | $46.50 |
| SCG | 10/27/2015 | Receive and analyze correspondence from plaintiff, discuss and analyze notice to Bailey probation officer | 0.2 | | 155 | $31.00 |

| SCG | 10/27/2015 | Continue preparation of Motion for Summary Judgment and memo of law, complete argument and references to record | 3.8 | 3 | 155 | $465.00 |
| MS | 10/26/2015 | Analyzed / reviewed medical records from Moss Rehab Volume 2 of 2 of the Plaintiff in preparation of a medical record summary | 1.6 | | 100 | $160.00 |
| MS | 10/27/2015 | Continued to analyze / review medical records from Moss Rehab Volume 2 of 2 of the Plaintiff in preparation of a medical record summary | 2.6 | | 100 | $260.00 |
| SCG | 10/28/2015 | Continue preparation of Motion for Summary Judgment and memo of law with references to record, conclusion and added argument regarding Stine expert report | 0.7 | 0 | 155 | $0.00 |
| SCG | 10/28/2015 | Receive and analyze correspondence from Dr. Mack, [redacted] | 0.2 | | 155 | $31.00 |
| SCG | 10/28/2015 | Prepare correspondence to claim rep [redacted] | 0.2 | | 155 | $31.00 |
| SCG | 10/28/2015 | Telephone call from claim rep, [redacted] | 0.1 | | 155 | $15.50 |
| SCG | 10/29/2015 | Receive and analyze correspondence from claim rep, [redacted] | 0.3 | | 155 | $46.50 |
| SCG | 10/30/2015 | Prepare for potential deposition of Bailey, analyze evidence and questions | 0.5 | | 155 | $77.50 |
| SCG | 10/30/2015 | Attend deposition of Bailey, no show | 0.4 | | 155 | $62.00 |
| SCG | 10/30/2015 | Prepare email to attorney regarding Bailey no show at deposition | 0.1 | | 155 | $15.50 |
| SCG | 11/3/2015 | Complete Motion for Summary Judgment and memo of law with exhibit selection | 2.2 | 2 | 155 | $310.00 |
| SCG | 11/3/2015 | Prepare correspondence to judge, discuss and analyze Motion for Summary Judgment | 0.2 | | 155 | $31.00 |
| MAR | 11/11/2015 | Reviewed & exchanged emails [redacted] | 0.2 | | 155 | $31.00 |

| SCG | 11/16/2015 | Prepare correspondence to claim rep, [redacted] | 0.3 | | 155 | $46.50 |
|---|---|---|---|---|---|---|
| SCG | 11/16/2015 | Telephone call from Bailey, discuss and analyze evidence, issues and need for deposition | 0.4 | | 155 | $62.00 |
| SCG | 11/16/2015 | Prepare email and receive reply from plaintiff attorney regarding contact with Bailey, status of case and Motion for Summary Judgment | 0.6 | | 155 | $93.00 |
| SCG | 11/16/2015 | Prepare correspondence to Bailey, discuss and analyze deposition testimony | 0.2 | | 155 | $31.00 |
| SCG | 11/17/2015 | Deposition transcript – Media Court Reporting / Deposition – statement of Counsel – no appearance of Defendant Bailey / invoice 12105 | 1 | | 123.50 | $0.00 |
| SCG | 11/30/2015 | Receive and analyze correspondence from plaintiff, discuss and analyze request for additional time to respond to Motion for Summary Judgment | 0.2 | | 155 | $31.00 |
| SCG | 11/30/2015 | Receive and analyze correspondence from court, discuss and analyze granting of request for additional time to respond to Motion for Summary Judgment | 0.1 | | 155 | $15.50 |
| SCG | 12/3/2015 | Receive and analyze correspondence from plaintiff to judge, discuss and analyze request for additional time to respond to Motion for Summary Judgment pending testimony of Bailey | 0.2 | | 155 | $31.00 |
| SCG | 12/8/2015 | Telephone call from attorney, discuss and analyze request for extension to Motion for Summary Judgment response | 0.1 | | 155 | $15.50 |
| SCG | 12/10/2015 | Receive and analyze correspondence from plaintiff regarding deposition of Bailey | 0.1 | | 155 | $15.50 |

| | | | | | | |
|---|---|---|---|---|---|---|
| SCG | 12/10/2015 | Receive and analyze correspondence from plaintiff to judge, discuss and analyze request for extension for response to Motion for Summary Judgment | 0.1 | | 155 | $15.50 |
| SCG | 12/10/2015 | Prepare for deposition of Bailey, analyze evidence and issues | 0.4 | | 155 | $62.00 |
| SCG | 12/10/2015 | Attend deposition of Bailey, no show | 0.4 | | 155 | $62.00 |
| SCG | 12/11/2015 | Prepare correspondence to claim rep, [redacted] | 0.1 | | 155 | $15.50 |
| SCG | 12/11/2015 | Receive and analyze correspondence from court, discuss and analyze order granting plaintiff additional time to respond to Motion for Summary Judgment | 0.1 | | 155 | $15.50 |
| SCG | 12/15/2015 | Receive and analyze plaintiff's response to Motion for Summary Judgment | 0.9 | | 155 | $139.50 |
| SCG | 12/15/2015 | Prepare correspondence to claim rep, [redacted] | 0.3 | | 155 | $46.50 |
| SCG | 12/18/2015 | Receive and analyze court order sealing documents on docket | 0.1 | | 155 | $15.50 |
| SCG | 12/30/2015 | Deposition transcript – Diamond court Reporting / Attendance fee for appearing for Deposition of D Bailey & prepared Statement on record / invoice 14095 | 1 | | 108 | $0.00 |
| SCG | 1/5/2016 | Receive and analyze court order regarding oral argument | 0.1 | | 155 | $15.50 |
| SCG | 1/5/2016 | Prepare correspondence to court, discuss and analyze oral argument request for continuance | 0.2 | | 155 | $31.00 |
| SCG | 1/5/2016 | Prepare correspondence to claim rep, [redacted] | 0.2 | | 155 | $31.00 |
| SCG | 1/5/2016 | Telephone call from Court, discuss and analyze oral argument | 0.2 | | 155 | $31.00 |
| SCG | 1/5/2016 | Telephone call to and from attorney, discuss and analyze oral argument | 0.3 | | 155 | $46.50 |
| SCG | 1/6/2016 | Begin preparation for oral argument, review dash cam video and case law | 0.6 | | 155 | $93.00 |

| SCG | 1/6/2016 | Receive and analyze correspondence from court, discuss and analyze amended order regarding change of oral argument | 0.1 | | 155 | $15.50 |
|-----|----------|---|-----|---|-----|--------|
| SCG | 1/6/2016 | Prepare correspondence to claim rep, [redacted] | 0.2 | | 155 | $31.00 |
| SCG | 1/6/2016 | Telephone call from claim rep, [redacted] | 0.2 | | 155 | $31.00 |
| SCG | 1/6/2016 | Prepare email to attorney and receive reply, discuss and analyze amended order regarding change of oral argument and potential postponement of other trial deadlines | 0.2 | | 155 | $31.00 |
| SCG | 1/6/2016 | Prepare correspondence to court, discuss and analyze amended order regarding change of oral argument and potential postponement of other trial deadlines | 0.3 | | 155 | $46.50 |
| SCG | 1/6/2016 | Prepare draft of pre-trial memorandum | 3.0 | | 155 | $465.00 |
| SCG | 1/11/2016 | Begin preparation of jury instructions for pre-trial | 2.3 | | 155 | $356.50 |
| SCG | 1/11/2016 | Begin preparation of voir dire for pre-trial | 0.5 | | 155 | $77.50 |
| SCG | 1/7/2016 | Reproduction Service from – Center City Legal Reproductions – Medical Records from Disability Care Mgt / invoice 472041 | 1 | | 30 | $0.00 |
| SCG | 1/12/2016 | Conference call with judge and counsel regarding Motion for Summary Judgment oral argument and trial issues | 0.5 | | 155 | $77.50 |
| SCG | 1/12/2016 | Receive and analyze correspondence from court, discuss and analyze request for conference | 0.1 | | 155 | $15.50 |
| SCG | 1/12/2016 | Receive and analyze correspondence from attorney, discuss and analyze reply to court's request for conference | 0.1 | | 155 | $15.50 |
| SCG | 1/12/2016 | Prepare correspondence to court, discuss and analyze reply to court's request for conference | 0.1 | | 155 | $15.50 |

| SCG | 1/12/2016 | Receive and analyze email and court order from court regarding conference | 0.1 | | 155 | $15.50 |
|-----|-----------|---------|-----|---|-----|--------|
| SCG | 1/12/2016 | Prepare draft of proposed verdict sheet | 0.5 | | 155 | $77.50 |
| SCG | 1/13/2016 | Receive and analyze correspondence from claim rep, [redacted] | 0.1 | | 155 | $15.50 |
| SCG | 1/13/2016 | Receive and analyze court order regarding conference and trial assignment | 0.1 | | 155 | $15.50 |
| SCG | 1/13/2016 | Complete pre-trial memo required by court | 0.6 | | 155 | $93.00 |
| SCG | 1/13/2016 | Prepare correspondence to claim rep [redacted] | 0.4 | | 155 | $62.00 |
| SCG | 1/13/2016 | Prepare correspondence to clients, [redacted] | 0.4 | | 155 | $62.00 |
| SCG | 1/13/2016 | Prepare for oral argument on Motion for Summary Judgment, analyze evidence and case law | 3.0 | | 155 | $465.00 |
| MS | 1/13/2016 | Analyze / review medical records from Medical Rehab Center of PA of Plaintiff in preparation of a medical record summary | 1.9 | | 100 | $190.00 |
| SCG | 1/14/2016 | Receive and analyze correspondence form claim rep, [redacted] | 0.3 | | 155 | $46.50 |
| SCG | 1/14/2016 | Receive and analyze correspondence from client, [redacted] | 0.2 | | 155 | $31.00 |
| SCG | 1/14/2016 | Prepare correspondence to claim rep [redacted] | 0.1 | | 155 | $15.50 |
| SCG | 1/14/2016 | Prepare correspondence to Dr. Yucha, [redacted] | 0.2 | | 155 | $31.00 |
| SCG | 1/17/2016 | Prepare for oral argument, review and analyze plaintiff's response to motion and arguments | 1.2 | | 155 | $186.00 |
| SCG | 1/18/2016 | Telephone call with plaintiff regarding potential resolution | 0.2 | | 155 | $31.00 |
| SCG | 1/18/2016 | Prepare correspondence to claim rep, [redacted] | 0.2 | | 155 | $31.00 |
| SCG | 1/18/2016 | Prepare for oral argument on Motion for Summary Judgment, analyze and prepare outline of argument | 3.4 | | 155 | $527.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| SCG | 1/18/2016 | Prepare for oral argument on Motion for Summary Judgment, prepare case summary list | 1.1 | | 155 | $170.50 |
| SCG | 1/18/2016 | Receive and analyze plaintiff's pre-trial memo | 0.5 | | 155 | $77.50 |
| SCG | 1/11/2016 | Deposition transcript – Ferrigno Court Reporting / Depositions of Ameer Johnson & Carl Robinson / invoice of 150902 | 1 | 0 | 375.90 | $0.00 |
| SCG | 1/19/2016 | Begin preparation of questions for trial for Officers | 1.0 | | 155 | $155.00 |
| SCG | 1/19/2016 | Receive and analyze correspondence form claim rep, [redacted] | 0.1 | | 155 | $15.50 |
| SCG | 1/19/2016 | Receive and analyze correspondence from court, discuss and analyze location of oral argument | 0.1 | | 155 | $15.50 |
| SCG | 1/19/2016 | Additional preparation for oral argument, analyze case law and legal issues and arguments | 2.5 | | 155 | $387.50 |
| SCG | 1/19/2016 | Travel and attend extensive oral argument on Motion for Summary Judgment | 4.6 | | 155 | $713.00 |
| SCG | 1/20/2016 | Review and analyze recent Supreme Court case Plumoff v. Rickard for potential jury instruction | 0.4 | | 155 | $62.00 |
| SCG | 1/20/2016 | Receive and analyze correspondence from attorney, discuss and analyze pre-trial conference | 0.1 | | 155 | $15.50 |
| SCG | 1/20/2016 | Prepare correspondence to attorney, discuss and analyze pre-trial conference | 0.1 | | 155 | $15.50 |
| SCG | 1/20/2016 | Prepare correspondence to court, discuss and analyze pre-trial conference | 0.2 | | 155 | $31.00 |
| SCG | 1/20/2016 | Prepare correspondence to claim rep [redacted] | 0.7 | | 155 | $108.50 |
| SCG | 1/20/2016 | Continue preparation of questions for officers for trial | 3.0 | | 155 | $465.00 |
| SCG | 1/21/2016 | Prepare correspondence to IME doctor, [redacted] | 0.1 | | 155 | $15.50 |
| SCG | 1/21/2016 | Telephone call with expert Stine [redacted] | 0.2 | | 155 | $31.00 |

| SCG | 1/21/2016 | Telephone call with claim rep, [redacted] | 0.3 | | 155 | $46.50 |
|-----|-----------|------|-----|-----|-----|--------|
| SCG | 1/21/2016 | Receive and analyze court order with modified trial schedule | 0.1 | | 155 | $15.50 |
| SCG | 1/21/2016 | Prepare correspondence to clients, [redacted] | 0.1 | | 155 | $15.50 |
| SCG | 1/22/2016 | Continue preparation for trial with questions for Lt. Dillon | 0.6 | | 155 | $93.00 |
| SCG | 1/22/2016 | Begin preparation of trial questions for Kalee Adger | 1.3 | | 155 | $201.50 |
| SCG | 1/26/2016 | Complete draft questions for trial for Kalee Adger | 2.1 | | 155 | $325.50 |
| SCG | 1/26/2016 | Complete draft questions for trial for Ameer Johnson | 2.4 | | 155 | $372.00 |
| SCG | 1/26/2016 | Receive and analyze correspondence from court, discuss and analyze order for conference | 0.1 | | 155 | $15.50 |
| SCG | 1/26/2016 | Prepare correspondence to attorney regarding order for conference | 0.1 | | 155 | $15.50 |
| SCG | 1/19/2016 | Local Travel at .54/mile – travel to / from Federal Court in Phila for Oral argument | 44 | 0 | 0.54 | $0.00 |
| SCG | 1/27/2016 | Receive and analyze correspondence from claim rep [redacted] | 0.4 | | 155 | $62.00 |
| SCG | 1/30/2016 | Prepare for doctor trial deposition of Yucha, prepare questions and analyze evidence | 2.0 | | 155 | $310.00 |
| SCG | 2/1/2016 | Begin trial questions for Salima Hawthorne | 0.6 | | 155 | $93.00 |
| SCG | 2/1/2016 | Continue preparation of trial questions for Ameer Johnson | 2.3 | | 155 | $356.50 |
| SCG | 2/1/2016 | Telephone call from claim rep, [redacted] | 0.1 | | 155 | $15.50 |
| SCG | 2/2/2016 | Continue trial prepared questions for Salima Hawthorne | 1.7 | | 155 | $263.50 |
| SCG | 2/2/2016 | Conference call initiated by Judge, discuss and analyze dismissal of case | 0.2 | | 155 | $31.00 |
| SCG | 2/2/2016 | Telephone call to claim rep [redacted] | 0.2 | | 155 | $31.00 |
| SCG | 2/2/2016 | Prepare email to plaintiff, discuss and analyze rescission of offer | 0.1 | | 155 | $15.50 |
| SCG | 2/2/2016 | Prepare email to clients, [redacted] | 0.4 | | 155 | $62.00 |

| SCG | 2/2/2016 | Receive and analyze correspondence from clients, [redacted] | 0.2 | | 155 | $31.00 |
|---|---|---|---|---|---|---|
| SCG | 2/2/2016 | Prepare email to expert Stine, [redacted] | 0.1 | | 155 | $15.50 |
| SCG | 2/4/2016 | Receive and analyze correspondence from Stine, [redacted] | 0.1 | | 155 | $15.50 |
| SCG | 2/5/2016 | Receive and analyze court opinion and order granting Motion for Summary Judgment | 0.7 | | 155 | $108.50 |
| SCG | 2/5/2016 | Receive and analyze court order regarding potential sanctions against plaintiff attorney | 0.3 | | 155 | $46.50 |
| SCG | 2/5/2016 | Prepare correspondence to claim rep and clients, [redacted] | 0.3 | | 155 | $46.50 |
| SCG | 2/8/2016 | Telephone call from claim rep, [redacted] | 0.3 | | 155 | $46.50 |
| SCG | 2/5/2016 | Reproduction Services from – Center City Legal Reproductions – Medical records from Moss Rehab Hosp / invoice 473641 | 1 | 0 | 54.50 | $0.00 |
| SCG | 2/23/2016 | Receive and analyze email from court, discuss and analyze location of hearing for potential sanctions against plaintiff | 0.1 | | 155 | $15.50 |
| SCG | 2/23/2016 | Receive and analyze correspondence to attorney for plaintiff attorney, discuss and analyze representation for potential sanctions against counsel | 0.2 | | 155 | $31.00 |
| SCG | 2/24/2016 | Prepare email to claim rep, [redacted] | 0.3 | | 155 | $46.50 |
| SCG | 2/24/2016 | Prepare timeline for sanctions hearing on issues of presentation of video | 0.6 | | 155 | $93.00 |
| SCG | 2/24/2016 | Travel and attend sanctions hearing against counsel | 3.0 | | 155 | $465.00 |
| **Total:** | | | | | | **$29,166.00** |

**Appendix B.  Costs.**

| Date | Narrative | Citation | Cost |
|------|-----------|----------|------|
| 7/12/2015 | Fees for service of subpoenas of Jasha Overton and Nikeen Flagg | ECF No. 49-3 at 54–56. | $300.00 |
| 7/21/2015 | Diamond Court Reporting – Depositions of Salima Hawthorne, Kalee Adger and Nikeen Flagg | ECF No. 49-2 at 20. | $916.70 |
| 8/12/2015 | Diamond Court Reporting – Deposition of Bailey (no show) | ECF No. 49-3 at 57–58. | $100.00 |
| 10/1/2015 | Center City Legal Reproductions – Fees and costs for copies of documents relating to Ameer Johnson and Kalee Adger | ECF No. 49-3 at 59–61. | $494.96 |
| 10/29/2015 | Ferringo Court Reporting – Depositions of Chief Tallbottom, Corporal Benson, Corporal Brooke and Chief Tallbottom (Rule 30(b)(6)) | ECF No. 49-2 at 21–22. | $598.50 |
| 11/1/2015 | Center City Legal Reproductions, Inc. – Fees and costs for copies of documents relating to Ameer Johnson and Kalee Adger | ECF No. 49-3 at 2–4. | $1,027.78 |
| 11/9/2015 | Media Court Reporting – Deposition of Bailey (no show) | ECF No. 49-3 at 67–68. | $123.50 |
| 12/1/2015 | Center City Legal Reproductions, Inc. – Fees and costs for copies of documents relating to Kalee Adger and Ameer Johnson | ECF No. 49-3 at 5–7. | $598.05 |
| 12/10/2015 | Diamond Court Reporting – Deposition of Bailey (no show) | ECF No. 49-3 at 69. | $108.00 |
| 1/1/2016 | Center City Legal Reproductions, Inc. – Fees and costs for copies of documents relating to Ameer Johnson | ECF No. 49-3 at 70–71. | $30.00 |
| 2/1/2016 | Center City Legal Reproductions, Inc. – Fees and costs for copies of documents relating to Ameer Johnson | ECF No. 49-3 at 72–73. | $54.50 |
| **Total:** | | | **$4,351.99** |